*1401 OPINION.
Lansdon :
The petitioner’s contention here is that at the date of its organization it acquired intangible property of great value in the form of good will and contracts in exchange for shares of its capital stock. This alleged intangible asset it entered on its books at a value of $119,800. It does not now insist on these figures, but contends that such property had a substantial value which can not be ascertained by the respondent or by itself and that it is, therefore, entitled to have its tax liability determined under the provisions of sections 327 and 328 of the Revenue Act of 1918.
ISTo elements of invested capital, other than the value of the contracts and good will acquired by the issue of stock at date of organization, are in dispute. In all other respects the petitioner accepts the determination of the respondent. To prevail here on the issues that are before us, the petitioner must first establish some actual value for the intangibles in question on the date at which they were acquired. For this purpose it argues and adduces evidence intended to prove that the contracts enumerated in our findings of fact were the very basis of its prosperous business and that in some way or other it acquired, and has ever since used in its operations, a portion of a valuable good will that prior to August 7, 1907, had been built up by the Montana Electric Co.
There may be conditions in which a part of the good will of a going business can be separated and transferred, but, even if so, we can not see how that was done by the transaction proved by this petitioner, since no stock was issued to the Montana Company in exchange for the good will alleged to have been acquired at the date of the incorporation. If, however, it should be conceded that the property in question was so acquired, the only evidence offered in support of the value of the contracts purchased with stock, and good will, claimed, are some balance sheets and other computations which show that from the date of its organization, the petitioner was quite prosperous and that the income of the Montana Company, for the same period, measurably declined. All these things may be true without in any way affecting the question we must answer. The statute is specific. A taxpayer may take into its invested capital any assets acquired for stock only at their actual cash value, and, as to intangibles, subject to the limitations prescribed by law. The petitioner has failed to prove that the contracts had any value, or that it acquired good will at any cost at the date of its organization. Inasmuch as we have decided that there is no proof that the intangibles in question *1402 had any value, we are of the opinion, no other matter being in dispute, that the invested capital of the petitioner was accurately determined by the respondent. There is, therefore, no basis upon which we can allow the petitioner’s claim that it is entitled to have its tax liability computed under the provisions of sections 327 and 328 of the Revenue Act of 1918.

Judgment will ~be entered for the respondent.